PITMAN, J.
1 j Defendants Jacque D. Derr, Laure Spatafora Derr and Tommy A. Milam appeal a judgment declaring a deed to be ambiguous and stating that Plaintiff Mark Edward Powell owns an undivided one-half (1/2) interest in the property and the remaining undivided one-half (1/2) interest is owned by the Defendants in indivisión. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.
*502 FACTS
The disputed property is a 20.3-acre tract of land located in Madison Parish. In 1955, R.C. Byrnes acquired full ownership of the property. On September 27, 1958, R.C. Byrnes signed a deed conveying “an undivided one fourth (1/4) interest” in the property to W.B. Kemp and his wife,[1] H.E. Powell, Jr. and his wife and V. Matt Milam, Jr. and his wife. The original parties to the deed are deceased, and the property is now owned by the parties to this suit.
Plaintiff Byron Powell — later replaced as Plaintiff[2] by Mark Edward Powell— filed suit against Defendants Jacque D. Derr, Laure Spatafora Derr and Tommy A. Milam[3] requesting that the trial court declare the deed to be | ^ambiguous and to declare the parties’ rights and ownership interests in the property as conveyed in the deed. Plaintiff alleged that he owns an undivided one-half (1/2) interest in the property, that Defendants Jacque Derr and Laure Derr own an undivided five-twelfths (5/12) interest in the property and that Defendant Tommy Milam owns an undivided one-twelfth (1/12) interest in the property. In the alternative, Plaintiff requested that, if the trial court found the deed to be unambiguous, it should reform the deed to reflect the intent of the parties. Plaintiff also requested reimbursement from Defendants for property taxes and other costs paid by Plaintiff. Defendants argued that the deed is not ambiguous and that Defendants own a five-sixths (5/6) interest in the property, the Derrs own a 71/108 interest, Tommy Milam owns a 19/108 interest and Plaintiff owns a one-sixth (1/6) interest in the property.
On July 29, 2011, Defendants filed a motion for summary judgment. On May 29, 2012, the trial court denied Defendants’ motion for summary judgment, exception of no right of action and exception of no cause of action, reasoning that the parties disagreed about the interpretation of the deed so there was a genuine issue of material fact.
A bench trial was held on October 31, 2012. The trial court stated that it believed the deed could be interpreted two ways and was, therefore, ambiguous and allowed the introduction of parol evidence to determine the intent of the parties. Original Plaintiff Byron Powell and Defendant Jacque Derr testified. Plaintiff also submitted the deposition of Helen Byrnes, wife | ¡¡of R.C. Byrnes. Both parties introduced documents establishing the chain of title to the property.
The deed states, in pertinent part:
BE IT KNOWN, that this day before me, J.R. Madden, Jr., Notary Public in and for said Parish, duly commissioned *503 and sworn, came and appeared R.C. Byrnes, married to Mrs. Helen Byrnes, nee Milam, with whom he is residing, a resident of the Parish of Winn, State of Louisiana, who declared that he does by these presents, grant, bargain, sell, convey and deliver, with full guarantee of title, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed unto the following:
1. B.W. Kemp, married to Mrs. Bessie Kemp, nee Tobey, with whom he is residing, a resident of the Parish of Winn, State of Louisiana,
2. H.E. Powell, Jr., married to Mrs. Kathleen Powell, nee Kemp, with whom he is residing, a resident of the Parish of Winn, State of Louisiana,
8. V. Matt Milam, Jr., married to Mrs. Mary Nell Milam, nee Beck, with whom he is residing, a resident of the Parish of Winn, State of Louisiana,
an undivided one fourth (1/4) interest in and to the following described property, to wit:
Lot Three (3), Section Twelve (12), Township Fifteen, (15), North Range Ten (10) East, Madison Parish, Louisiana.
To have and to hold said described property unto said purchaser, his heirs and assigns forever.
This sale is made for the consideration of the sum of Ten and no/100 ($10.00) Dollars cash in hand paid, and other valuable considerations is hereby acknowledged.
Byron Powell testified that he was ten years old when the deed was signed. He explained that W.B. Kemp was his grandfather and H.E. Powell, Jr. was his father and that he inherited their interests in the property. Byron Powell further explained that he has since donated his interest in the property to his son, Mark Edward Powell.
|4In her deposition, Helen Byrnes, the wife of R.C. Byrnes and sister of V. Matt Milam, Jr., testified that she was unaware that her husband sold an interest in the property and that she thought the Byrnes family fully owned the property. Helen Byrnes stated that the Byrneses’ interest in the property was transferred to V. Matt Milam, Jr.’s heirs.
After Plaintiff presented his case, Defendants moved for an involuntary dismissal or a directed verdict, arguing that Plaintiff had not proven that the deed is ambiguous and that the public record is binding in this case. The trial court denied the motion.
Jacque Derr testified that he is a lifelong friend of V. Matt Milam, Jr.’s son, Tommy Milam, and that he hunted on the property as a child. Jacque Derr purchased part of his interest in the property in 2005 from Mary Nell Milam, the wife of V. Matt Milam. Jacque Derr subsequently purchased the interests of Y. Matt Mi-lam, Jr.’s other sons, Michael Milam and V. Matt Milam, III. Jacque Derr explained that he and his wife, Laure Derr, and Tommy Milam own what were R.C. Byrnes’s and V. Matt Milam, Jr.’s interests in the property.
The trial court declared that the deed is ambiguous as a matter of fact and law and determined that the intent of the parties was for the ownership of the property to be as follows:
R.C. Byrnes retained l/4th undivided interest and conveyed to W.B. Kemp a l/4th undivided interest, H.E. Powell a l/4th undivided interest and V. Matt Milam, Jr. a l/4th undivided interest.
*504 The trial court then declared that Plaintiff owns an undivided one-half (1/2) interest in the property and that Defendants own the remaining-one-half (1/2) interest in the property in indivisión. The trial court further stated |sthat the parties agreed to bifurcate the case, reserving their rights to a final accounting and any competing claims for reimbursement. Defendants appeal the judgment of the trial court.
DISCUSSION

Ambiguity of the Deed

In their first assignment of error, Defendants argue that the trial court erred in finding that the original deed was ambiguous as to the interest conveyed to the vendees. Defendants contend that Plaintiff did not prove that the deed is ambiguous on its face in that it clearly conveys a one-fourth (1/4) interest in the property to the Kemps, Powells and Mi-lams.
Plaintiffs argue that the trial court correctly ruled that the deed is ambiguous because the language “an undivided one fourth (1/4) interest” is susceptible to more than one interpretation, i.e., ■ that each vendee acquired a one-fourth (1/4) interest or that the vendees collectively acquired a one-fourth (1/4) interest in the property.
The interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art. 2046. The fact that one party creates a dispute about the meaning of a contractual provision does not render the provision ambiguous. Slocum-Stevens Ins. Agency, Inc. v. International Risk Consultants, Inc., 27,353 (La.App.2d Cir.12/11/95), 666 So.2d 352, writ denied, 96-0102 (La.3/8/96), 669 So.2d 399. A court must give effect to the ordinary meaning of words and may not create an ambiguity where none exists. Id.; Campbell v. Melton, 01-2578 (La.5/14/02), 817 So.2d 69.
The trial court erred when finding that the deed is ambiguous based on the conflicting interpretations of the parties. See Slocum-Stevens Ins. Agency, Inc., supra. There is no ambiguity in the deed. The term “an undivided one fourth (1/4) interest” is not ambiguous. The conveyance of “an undivided one fourth (1/4) interest” to the Kemps, Powells and Milams is clearly a conveyance of a collective one-fourth (1/4) interest and a retention of a three-fourths (3/4) interest. This interpretation leads to no absurd consequences, so no additional interpretation of the parties’ intent can be made. See La. C.C. art. 2046, supra. The term “an undivided one fourth (1/4) interest” cannot be interpreted in the manner Plaintiff alleges without additional language, e.g., an undivided one-fourth interest each. Accordingly, we find that Plaintiff owns an undivided 1/6 interest in the property, that Defendants Jacque D. Derr and Laure Spatafora Derr own an undivided 71/108 interest in the property and that Defendant Tommy A. Milam owns an undivided 19/108 interest in the property. Therefore, we find that this assignment of error has merit.

Assignments of Error Two Through Eight

The remaining assignments of error are all predicated on the trial court’s determination that the deed is ambiguous. Considering this court’s foregoing determination that the deed is unambiguous, Defendants’ remaining assignments of error need not be addressed.

*505
^CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court in favor of Plaintiff Mark Edward Powell and against Defendants Jacque D. Derr, Laure Spatafora Derr and Tommy A. Mi-lam and remand to the district court for further proceedings. Costs of this appeal are assessed to Plaintiff, Byron Powell.
REVERSED AND REMANDED.

. The deed names W.B. Kemp and "B.W. Kemp.” Trial testimony from Byron Powell, W.B. Kemp’s grandson, explains that the deed was incorrect and that his grandfather’s initials are "W.B.” for "William Byron” Kemp.

. Shortly after the original petition was filed, Plaintiff Byron Powell transferred his interest in the property subject to this action to his son, Mark Edward Powell. The petition was amended to name Mark Edward Powell as Plaintiff.

. Michael R. Milam and V. Matt Milam, III were originally named as Defendants with Tommy Milam and Jacque Derr. Shortly after Plaintiff filed suit, Plaintiff received copies of conveyances wherein Michael R. Milam and V. Matt Milam, III transferred their interests in the property to Jacque Derr. Therefore, the petition was amended to reflect their dismissal.
Laure Spatafora Derr was not originally named as a defendant. Laure Derr was the spouse of Jacque Derr when he acquired his interest in the property. Therefore, the petition was amended to add Laure Derr as a defendant.